21 F.3d 423
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Joseph RIDDICK, Plaintiff Appellant,
v.
GOVERNOR OF VIRGINIA; Department of Corrections;
Commonwealth of Virginia, Defendants Appellees.
 No. 93-7280.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 17, 1994.
Decided March 11, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, District Judge. (CA-93-480)
 Joseph Riddick, appellant pro se.
 W.D.Va.
 DISMISSED.
 Before RUSSELL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant filed an untimely notice of appeal. We dismiss the appeal for lack of jurisdiction.
 
 
 2
 The time periods for filing notices of appeal are governed by Fed. R.App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions have thirty days within which to file in the district court notices of appeal from judgments or final orders. Fed. R.App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R.App. P. 4(a)(5) or reopens the appeal period under Fed. R.App. P. 4(a)(6).
 
 
 3
 Appellant's failure to file a timely notice of appeal* or to obtain either an extension or a reopening of the appeal period leaves this Court without jurisdiction to consider the merits of Appellant's appeal. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 For the purposes of this appeal we assume that the date Appellant wrote on the notice of appeal is the earliest date it would have been submitted to prison authorities. See Houston v. Lack, 487 U.S. 266 (1988)